**ZHI YUNG KE, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 06–4781–ag.

United States Court of Appeals, Second Circuit.

Oct. 25, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Liu Yu, New York, NY, for petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, NC, for respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zhi Yung Ke, a native and citizen of the People's Republic of China, seeks review of an October 5, 2006 order of the BIA affirming the September 29, 2004 decision of Immigration Judge ("IJ") Robert Weisel denying Ke's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Yung Ke,* No. A 78 912 523 (B.I.A. Oct. 5, 2006), *aff'g* No. A 78 912 523 (Immig. Ct. N.Y. City Sept. 29, 2004). On appeal Ke challenges only the BIA's denial of his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. See *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In *Shi Liang Lin,* we concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they them-

selves have suffered or must suffer." 494 F.3d at 308. Thus, Ke was not entitled to asylum based solely on his girlfriend's forced abortion, regardless of their marital status. Moreover, the record supports the BIA's finding that Ke was ineligible for relief because he failed to demonstrate that he was persecuted for his own resistance to China's coercive population control program.

Ke contends that the imposition of a fine because of the unauthorized pregnancy amounted to "resistance" to China's coercive population control program. The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy ..., and other overt forms of resistance to the requirements of the family planning law." *In re S–L–L,* 24 I. & N. Dec. 1, 10 (B.I.A. 2006). Here, Ke testified that he did not pay the fine not because he opposed that policy, but because he "did not have the money." But even if Ke had refused to pay the fine out of opposition to China's birth control policy and that act was considered an attempt to "interfere with enforcement of government policy," he failed to establish that he suffered, or would suffer, harm rising to the level of persecution on account of that resistance. *See id.; see also In re T–Z–,* 24 I. & N. Dec. 163, 168–69 (B.I.A. 2007) (indicating that the threat of economic harm might in some extreme instances amount to persecution). As such, the agency properly found that Ke failed to demonstrate a well-founded fear of persecution in China.

Because Ke was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).